## THOMAS EDWARDS v. JOHN HULBERT.

Where, by treaty between the United States and the Ottawa and Chippewa Indians, the sum of $300,000 was set apart to pay claims against the Indians, to be allowed by commissioners, and, E. having a claim against them, H. procured its allowance to himself as purchaser of the claim, when he had no right to it, and received the money, *it was held*, that E. could not sustain an action at law against H. for the money, but that in equity H. would be considered a trustee for E. to whom the money of right belonged.

Where a defendant who should have demurred to discovery only, demurs to both discovery and relief, his demurrer will be overruled.

THIS was a demurrer to the bill of complaint.

The bill states that the complainant was an Indian trader at the Saut de Ste Marie. That in 1826 he had a claim of $340 against the Ottawa and Chippewa Indians, for goods sold to them, and for goods wrongfully taken by them. That, in 1836, a treaty was made between these Indians and the Government of the United States, providing, among other things, that the Indians should pay all proper and just claims existing against them, which should be allowed by commissioners to be appointed by the Government; and $300,000 was set apart by the treaty for that purpose. In September, 1836, the commissioners met at Mackinac, and the defendant procured the allowance of the aforesaid claim of $340 to himself, in the following words: "Of the total loss by Thomas Edwards, in 1826, amounting to $340, which comes to the claimant by purchase, and there is evidence the articles were supplied to the Indians in the ceded district. It must therefore be allowed." The bill charges that the defendant had received the $340 and applied it to his own use, and that he had no right to, or interest whatever in the claim,

which belonged to the complainant, but which the defendant had procured to be allowed to himself by the commissioners.   The defendant demurred.

*J. F. Joy*, in support of the demurrer.

*J. S. Abbott & A. D. Fraser*, contra.

THE CHANCELLOR.  The first objection taken to the bill is that the complainant has a remedy at law.  I know of no case, and none was cited by the defendant's counsel, in which a court of law has carried the action for money had and received so far as to reach the complainant's case.   The sum of $300,000 was set apart by the treaty to pay such claims against the Indians as should, on examination, be allowed by the commissioners.  A mere claim against the Indians could give no right or interest in this fund, to acquire which, the party must have his claim allowed by the commissioners, and then, and not before, he would have an interest in the fund to the amount allowed him.   The $340 were allowed to the defendant, and not to the complainant, and, as it is the allowance by the commissioners, and not the pre-existing debt against the Indians, that in law gives a right to the money, I think courts of law would have to go much further than they have heretofore gone, to give redress in such a case.   If the claim had been allowed to the complainant, and the defendant had received the money, the case would have been different.   The complainant's remedy would then have been at law, and not in this Court.  Taking the facts as stated in the bill to be true, the defendant must be considered in equity in the light of a trustee, and as having presented the claim to the commissioners, obtained its allowance, and received the money upon it, in trust for the complainant.

Another objection is, that the bill charges the defendant with an indictable offence, in obtaining money under false pretences. I do not think so; and, even if it did, the demurrer is too broad for the defendant to avail himself of the objection. It is to both discovery and relief, whereas it should have been confined to the discovery alone, and to such parts of the bill as implicated the defendant. *Robinson* v. *Smith*, 3 *Paige R.* 231; *Kuypers* v. *The Reformed Dutch Church*, 6 *Paige R.* 570.

Demurrer overruled.